IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LATRICE GRIMES, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. MJM-22-2743 |
| | * | |
| HUDSON HEALTH SERVICES INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Parties' Joint Motion for Court Approval of Settlement and Dismissal with Prejudice (the "Motion"). (ECF No. 31.) For reasons stated herein, the Motion is DENIED WITHOUT PREJUDICE.

**I.     BACKGROUND**

On October 25, 2022, Latrice Grimes filed in this Court a civil complaint against her former employer Hudson Health Services, Inc., alleging violations of the Fair Labor Standards Act ("FLSA" or the "Act"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 1.) In her complaint, Grimes alleges, *inter alia*, that Defendant maintained an "unlawful company-wide policy of automatically deducting thirty (30) minutes of pay per shift for 'meal breaks' even though the workers worked through their shifts and did not receive bona fide meal breaks, … which resulted in Defendant's failure to pay the workers for all hours worked in excess of forty (40) in a workweek." Compl. ¶ 4. Grimes alleges that, as an hourly-paid, non-exempt healthcare work employed by Defendant, she was subject to this policy and thereby deprived of overtime wages she earned. She brings this suit on behalf of herself individually and on behalf of a putative FLSA collective and Fed. R. Civ. P. 23

class of persons employed by Defendant as hourly-paid, non-exempt healthcare workers within a period of three years prior to the commencement of this action. In her individual and collective claims under the FLSA, Grimes seeks recovery of unpaid overtime wages, liquidated damages, reasonable attorney's fees, and litigation costs. Defendant filed an answer on January 6, 2023, denying the allegations regarding unpaid overtime compensation and other allegations made in the complaint. (ECF No. 18.) On January 19, 2023, Joy Arnold joined this action as a plaintiff and consented to have Grimes pursue this lawsuit in her name and on her behalf. (ECF No. 20-1.)

On January 20, 2023, the parties jointly filed a motion to have this matter referred to a magistrate judge for a settlement conference and to stay discovery and litigation deadlines pending the outcome of the settlement conference. (ECF No. 21.) The motion was granted, the matter was referred for a settlement conference, and a stay was entered to expire on March 1, 2023. (ECF Nos. 22 & 23.) A settlement conference was scheduled for March 9, 2023. (ECF No. 24.) On March 8, 2023, the parties jointly filed a status report stating that they had "negotiated between themselves and reached an agreement in principle on terms of settlement. . . ." (ECF No. 26.) The settlement conference was canceled. (ECF No. 28.)

On March 17, 2023, the parties filed a Joint Motion for Court Approval of Settlement and Dismissal with Prejudice (the "Motion") with a memorandum in support of the Motion and a copy of the settlement agreement as Exhibit 1. (ECF No. 31, 31-1, & 31-2, respectively.) All parties have consented to have all proceedings in this matter conducted by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 27 & 29.)

II.   APPLICABLE LAW

The FLSA was enacted to correct and eliminate work conditions Congress deemed "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency,

and general well-being of workers[.]" 29 U.S.C. § 202. The Act generally requires an employer to pay its employees a statutorily prescribed minimum wage and "a rate not less than one and one-half times" the employee's regular wage for any time worked in excess 40 hours per workweek. 29 U.S.C. §§ 206(b) & 207(a)(1). An employee who is not compensated in accordance with these provisions of the FLSA may bring suit to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court may, in its discretion, award a lesser amount of liquidated damages or no liquidated damages if the employer demonstrates that it acted in good faith and had reasonable grounds to believe that its conduct was not in violation of the FLSA. 29 U.S.C. § 260. In addition to any judgment awarded to the plaintiff under these provisions, the court must require the defendant to pay "a reasonable attorney's fee" and "costs of the action." 29 U.S.C. § 216(b).

The United States Supreme Court has held that an employees' right to bring suit and seek relief under the FLSA "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (citing cases). However, settlement of FLSA claims "may be permissible" in the context of employees' civil action under the FLSA "because initiation of the action by the employees provides some assurance of an adversarial context." *Lynn's Food Stores, Inc. v. U.S. by & through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982). FLSA claims "can be settled when the settlement is supervised by the Department of Labor or a court." *Lane v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 WL 3880427, at *1 (D. Md. Aug. 31, 2011) (quoting *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) (cleaned up); *see also Escalante*

3

*v. Tobar Constr., Inc.*, Civ. No. GLS-18-980, 2019 WL 13177822, at *2 (D. Md. Nov. 1, 2019) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

A settlement of FLSA claims may be approved if the agreement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). As Judge Chasanow held in *Lane*, "parties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute[,]'" including some description of "the nature of the dispute … resolved by the compromise." 2011 WL 3880427, at *2 (quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241–42 (M.D. Fla. 2010)).

Once a *bona fide* dispute is established, "the terms of the proposed settlement agreement must be assessed for fairness and reasonableness[.]" *Saman v. LBDP, Inc.*, Civ. No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). In doing so, courts in this circuit have considered several factors, to include

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173–74 (4th Cir. 1975)), *quoted in Saman*, 2013 WL 2949047, at *3. The court may approve an agreement to settle FLSA claims if the agreement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere

waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

Finally, the court must assess the reasonableness of any payment of attorney's fees proposed in connection with the settlement of FLSA claims. *Lane*, 2011 WL 3880427, at *2.

### III.  ANALYSIS

#### A.  *Bona Fide* Disputes

Here, the parties have identified *bona fide* disputes between them concerning (1) whether Defendant automatically deducted wages for Plaintiffs' meal breaks or whether deductions were based on manual time entries recorded for these breaks; and (2) whether Plaintiffs could recover a full amount of liquidated damages, even if liability was proven. (Parties' Mem. At 5.)

Regarding the former dispute, the parties describe Defendant's position that it had a policy requiring employees to clock out manually for meal breaks and to clock back in when their meal breaks are completed. (*Id.* At 2.) Defendant maintains that Plaintiffs' meal breaks were recorded in accordance with this policy and therefore disputes their "core claim that meal break time was improperly deducted from their wages. . . ." (*Id.*) If Defendant prevails on this issue in further litigation, then it may not be liable for any FLSA violations and Plaintiffs' may not be entitled to any recovery under the Act.

Regarding the parties' dispute over liquidated damages, they describe Defendant's position that it "acted in good faith and reasonably believed that it deducted pay from Plaintiff's wages based on manual time entries, and not based on automatic deductions for meal breaks." (*Id.* At 5.) If Defendant prevails on this issue in further litigation, then the Court may reduce or eliminate any award of liquidated damages. *See* 29 U.S.C. § 260.

The Court finds the information provided by the parties adequate to describe the nature of these *bona fide* disputes and their impact on the probability Plaintiffs' success on the merits of their claims and Plaintiffs' potential recovery.

### B. Settlement Payments

To resolve their disputes, the parties have agreed that, in exchange for dismissal of the instant action and release of claims, Defendant shall make settlement payments totaling $5,040.00 to Grimes and $1,732.00 to Arnold and a payment of $10,000.00 to Plaintiffs' counsel for attorney's fees. (Mem. at 3; Exh. 1.) The parties state that each plaintiff's settlement payment represents "1.5 times the total amount of overtime wages she could recover even if she was underpaid 30 minutes overtime wages on every single day on which she worked for Defendant[.]" (Mem. at 3.) The Court notes that the parties' agreement has been reached at an early stage of the litigation, with the assistance and advice of counsel who are experienced in FLSA litigation, and with likely expensive and time-consuming discovery left to be conducted. Considering the *bona fide* disputes between the parties and the risks and costs each party faces in continuing the litigation, the agreed-upon settlement payments to Plaintiffs may be a fair and reasonable compromise.

However, the Court cannot approve the settlement agreement in its current form because it includes an unjustified confidentiality provision and an unsupported provision for the payment of attorney's fees, which are addressed below.

### C. Confidentiality Provision

In assessing the reasonableness of FLSA settlement agreements, judges in this district have held that confidentiality provisions in such agreements "contravene[] the important purposes of the Act and defeat[] both public and private efforts to enforce it." *Carpenter v. Colonial Mgmt.*

6

*Grp., LP*, Civ. No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012); *see also Escalante*, 2019 WL 13177822, at *2; *Lane*, 2011 WL 3880427, at *4. Therefore, "[a] confidentiality clause in an FLSA settlement agreement is 'not permitted without compelling reasons.'" *Escalante*, 2019 WL 13177822, at *2 (quoting *Salamone v. Balt. Diamond Exch., Inc.*, Civ. No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014)).

The parties' settlement agreement includes a detailed requirement that Plaintiffs keep the existence and terms of the agreement "completely confidential and secret" and to refrain from disclosing that either Plaintiff "had or has claims against Defendant regarding wages or any other matter[,]" with limited exceptions. (Exh. 1 at 7.) The parties do not offer *any* reasons—much less, compelling reasons—to justify contravention of the legislative purposes of the FLSA through their proposed confidentiality provision. For this reason alone, the Motion must be denied.

**D. Attorney's Fees**

The parties also fail to offer adequate support for their agreement that Defendant pay $10,000 to Plaintiffs' counsel for their fees.

Judges in this district have held that the court must make an independent assessment of the reasonableness of any award of attorney's fees proposed in a settlement of FLSA claims. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 367 (D. Md. 2016); *Lane*, 2011 WL 3880427, at *3. An independent assessment by the court is necessary to ensure that the provision for attorney's fees has been "negotiated separately" from the settlement payments proposed for Plaintiffs and that attorney's fees have not been deducted from amounts Plaintiffs may be entitled to recover under the FLSA. *Hackett*, 259 F. Supp. 3d at 367 (citing *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (quoting *Poulin v. General Dynamics*

*Shared Resources, Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)). The lodestar amount is computed by multiplying a "reasonable hourly rate … by hours reasonably expended." *Hackett*, 259 F. Supp. 3d at 367 (quoting *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)); *see also Lane*, 2011 WL 3880427, at *3. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Smith v. David's Loft Clinical Programs, Inc.*, Civ. No. LKG-21-03241, 2022 WL 16553228, at *6 (D. Md. Oct. 31, 2022) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). Ranges of hourly rates deemed presumptively reasonable by judges in this district are listed in Appendix B of the Local Rules, in a sliding scale based on an attorney's level of experience. *Id.*

In submitting for judicial approval an attorney's fee provision in an FLSA settlement agreement, the parties "are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed." *Hackett*, 259 F. Supp. 3d at 368 (citing *Saman*, 2013 WL 2949047, at *7); *see also Lane*, 2011 WL 3880427, at *3.

Here, the parties state that Plaintiffs' attorneys expended 49 hours in this matter at hourly rates ranging between $225 and $475 for the work of five attorneys and $125 for paralegal and administrative work, totaling $10,877.50 in fees. (Mem. at 7.) The work of Plaintiffs' attorneys is described as including investigation, consultation with Plaintiffs, drafting pleadings, computing damages, and engaging in settlement negotiations with Defendant's counsel. (*Id.*) The parties further state that Plaintiffs' attorneys incurred $768.80 in costs, including filing fees, service fees, and postage. (*Id.*) The foregoing unsworn information is not competent to permit an independent

judicial determination that the parties' proposed $10,000 provision for attorney's fees in this matter is reasonable. To make this determination, the Court requires a sworn declaration and documentation supporting the reasonableness of each attorney's hourly rate and outlining the amount of time expended by each attorney on each task. *See Hackett*, 259 F. Supp. 3d at 368; *Saman*, 2013 WL 2949047, at *7; *Lane*, 2011 WL 3880427, at *3. In the absence of this evidence, the parties' proposed payment of attorney's fees as part of their FLSA settlement agreement cannot be approved.

**IV.   ORDER**

For the foregoing reasons, it is this 30th day of May 2023, ORDERED that the Parties' Joint Motion for Court Approval of Settlement and Dismissal with Prejudice (ECF No. 31) is DENIED WITHOUT PREJUDICE; and it is further ORDERED that the parties shall file within thirty (30) days of the date of this Order either (1) a joint status report or (2) a new joint motion for approval of settlement that is consistent with the foregoing Memorandum Opinion.

/S/
Matthew J. Maddox
United States Magistrate Judge